UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POSCO ENERGY CO., formerly known as, POSCO Power, | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: ___9/16/2021___ |

POSCO ENERGY CO., formerly known as, POSCO Power,

                              Plaintiff,

-against-

FUELCELL ENERGY, INC.,

                              Defendant.

1:20-cv-7509-MKV

MEMORANDUM
OPINION AND ORDER

MARY KAY VYSKOCIL, United States District Judge:

        Plaintiff POSCO Energy Co., Ltd. brings this action against Defendant FuelCell Energy Inc. to recover damages arising from FuelCell's alleged delay in removing restrictive legends on shares owned by POSCO, thereby preventing POSCO from selling its shares. (*See generally* Compl. [ECF No. 8].) FuelCell has moved to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. Dismiss [ECF No. 24].) For the reasons discussed below, the Court GRANTS FuelCell's motion and DISMISSES the Complaint with leave to amend.

## BACKGROUND[1]

        Pursuant to three securities purchase agreements ("SPAs") executed in February 2007, June 2009, and April 2012, POSCO purchased a total of 30,786,418 restricted shares in FuelCell—which were later converted to 2,565,534 shares through a one-for-twelve reverse stock split. (Compl. ¶¶ 14–17, 28.)[2] The SPAs contain New York choice-of-law provisions. (*Id.* ¶ 18.)

---

[1] The following facts are taken from the Complaint. On the pending motion, the Court is "constrained to accept as true the factual allegations contained in the complaint and draw all inferences in plaintiff's favor." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006) (citing *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006)); *see also Oakley v. Dolan*, 980 F.3d 279, 283 (2d Cir. 2020); *CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 77 (2d Cir. 2017).

[2] Because the SPAs are attached to the Complaint (Compl. Ex. A [ECF No. 8-1]; Compl. Ex. B [ECF No. 8-2]; Compl. Ex. C [ECF No. 8-3]), the Court may consider their contents. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

Because the underlying securities were sold in reliance on an exemption from registration under the Securities Act of 1933, the stock certificates bear restrictive legends that limit the circumstances under which POSCO could transfer them. (*Id.* ¶¶ 19–20.) The SPAs contain representations, warranties, and covenants requiring FuelCell to facilitate the removal of the legends if POSCO desires to transfer its shares. (*Id.* ¶ 19.)

Section 3.8(b) of the SPAs provides that POSCO may request that FuelCell remove, and that FuelCell agrees to remove, "any legend from the Shares (i) following any sale of the Shares pursuant to an effective Registration Statement, or (ii) if such Shares are eligible for sale under Rule 144(k) or under any no-action letter issued by the SEC." (*Id.* ¶ 21; *id.* Exs. A, B, C § 3.8(b).) Section 3.8(b) further provides:

> Following the time a legend is no longer required for any Shares hereunder, [FuelCell] will, no later than five (5) Business Days following the delivery by [POSCO] to [FuelCell] or [FuelCell's] transfer agent of a legended certificate representing such Shares, accompanied by such additional information as [FuelCell] or [FuelCell's] transfer agent may reasonably request, deliver or cause to be delivered to [POSCO] a certificate representing such Shares that is free from all restrictive and other legends.

(*Id.* ¶ 21; *id.* Exs. A, B, C § 3.8(b).) Section 4.8 of the SPAs provides that FuelCell "shall use its reasonable best efforts to obtain as promptly as practicable any consent or approval of any Person, including any regulatory authority, required in connection with the transactions contemplated hereby." (*Id.* ¶ 23; *id.* Exs. A, B, C § 4.8.)

The SPAs also grant POSCO certain rights relating to its ownership of shares. (*Id.* ¶ 24.) Section 4.17 of the 2012 SPA entitles POSCO to appoint an individual to the board of directors of FuelCell, provided that POSCO owns a certain number of FuelCell shares and the nominee meets the criteria for nomination as a director set forth in FuelCell's charter. (*Id.* ¶ 25; *id.* Ex. C § 4.17.)

On June 4, 2018, POSCO requested that FuelCell remove the restrictive legends on its shares.  (*Id.* ¶ 38.)  The next day, FuelCell advised POSCO that it forwarded the request to its outside counsel for review.  (*Id.* ¶ 39.)  POSCO followed up on June 11, 2018, requesting that FuelCell remove the restrictive legends and provide POSCO with any necessary procedures to complete the removal.  (*Id.* ¶ 40.)  POSCO followed up again on June 14, 2018.  (*Id.* ¶ 41.)

FuelCell directed POSCO to provide, as a condition for removing the restrictive legends, written representation that it did not possess material nonpublic information because POSCO's board-appointment rights under the 2012 SPA could render it an affiliate of FuelCell.  (*Id.* ¶¶ 43, 46, 48.)  POSCO alleges that it provided FuelCell with all other documentation, including a Rule 144 opinion letter from counsel and the original share certificates.  (*Id.* ¶ 45.)  FuelCell, however, insisted that POSCO verify that it did not possess material nonpublic information.  (*Id.* ¶ 46.)  Amid this back and forth, FuelCell's stock price fell precipitously.  (*Id.* ¶ 47.)  On July 20, 2018, POSCO agreed to waive its board-appointment rights and confirmed that it was not an affiliate of FuelCell.  (*Id.* ¶ 50.)

On August 17, 2018, POSCO sent FuelCell a draft waiver letter and "a representation letter."  (*Id.* ¶ 51.)  POSCO removed a representation that it was not in possession of material nonpublic information, to which FuelCell did not object.  (*Id.*)  On August 22, 2018, POSCO executed the waiver letter.  (*Id.* ¶ 52.)

On September 11, 2018, three months after POSCO requested removal of the restrictive legends, FuelCell's transfer agent notified POSCO that the stock could be transferred.  (*Id.* ¶ 53.)  Thereafter, POSCO sold 1,800,000 of its shares.  (*Id.* ¶ 55.)  In the three months that it took to remove the restrictive legends, FuelCell's stock price decreased by over forty-five percent.  (*Id.*

¶ 56.)  POSCO alleges that it realized a loss of $1,000,000 from its inability to sell its shares earlier due to FuelCell's delays in removing the legends.  (*Id.* ¶ 57.)

POSCO commenced this action on September 14, 2020.  The Complaint alleges four causes of action: (1) "breach of covenant" under New York law based on Section 4.8 of the SPAs, specifically FuelCell's failure to use its "reasonable best efforts" to remove the restrictive legends (*id.* ¶¶ 58–64); (2) violation of 6 Del. C. § 8-401 based on FuelCell's delay in removing the legends (*id.* ¶¶ 65–74); (3) violation of 8 Del. C. § 158 based on FuelCell's delay (*id.* ¶¶ 75–80); and (4) tortious interference with prospective business advantage (*id.* ¶¶ 81–88).

FuelCell has moved to dismiss the Complaint in its entirety under Rule 12(b)(6).  (Mot. Dismiss [ECF No. 24].)  In support of its motion, FuelCell filed a memorandum of law with several exhibits.  (Def.'s Br. [ECF No. 25].)  POSCO filed a memorandum of law in opposition (Pl.'s Opp. [ECF No. 26]), and FuelCell filed a reply (Def.'s Reply [ECF No. 27]).[3]

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  While a sufficiently pleaded complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the

---

[3] FuelCell requested oral argument on its motion. (Def.'s Letter [ECF No. 28].) Because oral argument is not needed to rule on the motion, FuelCell's request for oral argument is denied. *See AD/SAT, Div. of Skylight, Inc. v. Assoc. Press*, 181 F.3d 216, 226 (2d Cir. 1999) (per curiam) (noting that "a district court's decision whether to permit oral argument rests within its discretion" (citing *Katz v. Morgenthau*, 892 F.2d 20, 22 (2d Cir. 1989))); *see also Henderson v. Lagoudis*, No. 3:12cv1688 (JBA), 2014 WL 813120, at *1 n.1 (D. Conn. Feb. 28, 2014) (denying request for oral argument because it was not necessary to decide pending motion).

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, alterations, and citations omitted); *see also Iqbal*, 556 U.S. at 678 (noting that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" (citing *Twombly*, 550 U.S. at 555)).

## DISCUSSION

### A.  Count I: Breach of Covenant Under New York Law

POSCO alleges a cause of action for "breach of covenant" under New York law.  (Compl. ¶¶ 58–64.)  Specifically, POSCO alleges that FuelCell "failed to use its 'reasonable best efforts' to obtain the consent or approval of removal of the restrictive legends" (*id.* ¶ 61), as required under Section 4.8 of the SPAs (*id.* ¶ 59).

Under New York law, "[n]o action for breach of contract lies where the party seeking to enforce the contract has failed to perform a specified condition precedent."  *Phoenix Signal & Elec. Corp. v N.Y. State Thruway Auth.*, 90 A.D.3d 1394, 1396–97, 935 N.Y.S.2d 201 (3d Dep't 2011) (alteration omitted) (quoting *Carr v. Birnbaum*, 75 A.D.3d 972, 973, 905 N.Y.S.2d 705 (3d Dep't 2010))).  "[A] condition precedent is 'an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises."  *Bank of N.Y. Mellon Tr. Co., N.A. v. Morgan Stanley Mortg. Capital, Inc.*, 821 F.3d 297, 305 (2d Cir. 2016) (quoting *Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co.*, 86 N.Y.2d 685, 690, 636 N.Y.S.2d 734, 660 N.E.2d 415 (1995)).  Although conditions precedent "are not readily assumed," "specific, talismanic words are not required."  *Id.*  New York courts have construed triggering events as conditions precedents despite a lack of express conditional language

"when the trigger is necessary to a party's ability to perform the obligation at issue." *Id.* at 307 (collecting cases).

Federal Rule of Civil Procedure 9(c) provides, "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Although the Supreme Court and the Second Circuit have not considered Rule 9(c) post-*Iqbal*, most district courts in this Circuit have found that the plausibility standard applies to Rule 9(c). *See, e.g.*, *Comerica Leasing Corp. v. Bombardier Inc.*, No. 16 Civ. 614 (PGG), 2019 WL 11027701, at *8 (S.D.N.Y. Sept. 30, 2019); *O.F.I. Imports Inc. v. Gen. Elec. Capital Corp.*, No. 15-CV-7231 (VEC), 2017 WL 3084901, at *5 (S.D.N.Y. July 20, 2017). A plaintiff cannot plausibly allege an unreasonable delay without alleging when the conditions precedent were satisfied and the duty to act arose. *See Planète Bleue Télévision, Inc. v. A&E Television Networks, LLC*, No. 16 Civ. 9317 (PGG), 2018 WL 10579873, at *12 (S.D.N.Y. Feb. 14, 2012); *see also Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 451 (S.D.N.Y. 2014); *Robb Evans & Assocs. LLC v. Sun Am. Life Ins.*, No. 10 CIV. 5999 GBD, 2012 WL 488257, at *2 (S.D.N.Y. Feb. 14, 2012).

Here, Section 3.8 of the SPAs, which provides the process for FuelCell to follow in removing the restrictive legends, requires POSCO to deliver to FuelCell or its transfer agent the actual legended certificate representing POSCO's shares. (Compl. ¶ 21.) Despite a lack of express conditional language, Section 3.8 imposes a condition precedent for removal of the restrictive legends because FuelCell cannot properly remove the restrictive legends until POSCO presents its legended stock certificates. *Bank of N.Y. Mellon*, 821 F.3d at 307. Because POSCO does not allege that it presented the certificates to FuelCell on June 4, 2018, and thus satisfied the condition precedent, FuelCell was not obligated to remove—and indeed could not remove—the restrictive

legends from POSCO's shares.  Moreover, without alleging *when* it presented its stock certificates to FuelCell, POSCO necessarily fails to allege plausibly an unreasonable delay in FuelCell's removal of the legends.  *See Planète Bleue Télévision*, 2018 WL 10579873, at *12 (finding allegations of delayed payments "too conclusory" to state claim where plaintiff did "not allege when the[] payments were due under the Contract or when they were made"); *see also Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 157 F. Supp. 3d 352, 368 (S.D.N.Y. 2016) (finding "conclusory allegations" insufficient to state a claim given "complete lack of *any* factual allegations plausibly suggesting that defendant delayed the transaction").  POSCO's conclusory allegations that FuelCell caused "unjustified and unlawful delays," without specific factual detail, are insufficient to state a claim.  *See Frontline Processing Corp. v. Merrick Bank Corp.*, 13 Civ. 3956 (RPP), 2014 WL 837050, at *2 (S.D.N.Y. Mar. 3, 2014).  Because it has not plausibly alleged satisfaction of the condition precedent, POSCO has failed to state a claim for breach of contract based on FuelCell's alleged delay.  *See, e.g.*, *Patel v. Baluchi's Indian Rest.*, No. 08 Civ. 9985(RJS), 2009 WL 2358620, at *8 (S.D.N.Y. July 30, 2009) (dismissing breach of contract claim where plaintiff failed to allege satisfaction of conditions precedent).[4]

POSCO argues that its cause of action is based not on Section 3.8(b) of the SPAs but on Section 4.8, which does not contain a condition precedent.  (Pl.'s Opp. 16.)  It is axiomatic, however, that "[a] written contract 'will be read as a whole, and every part will be interpreted with reference to the whole.'"  *Beal Sav. Bank v. Sommer*, 8 N.Y.3d 318, 324–25, 865 N.E.2d 1210, 834 N.Y.S.2d 44 (2007) (quoting *Westmoreland Coal Co. v. Entech, Inc.*, 100 N.Y.2d 352, 358, 794

---

[4] FuelCell argues that documents, namely e-mail correspondence, attached to its motion that are integral to the Complaint confirm that POSCO did not satisfy the contractual condition precedent, as well as statutory conditions relating to Counts II and III. (Def.'s Br. 11, 15.) POSCO argues that the Court should not consider these "cherry-picked" documents because they "do not reflect the full evidentiary record and thus, there is a material dispute as to their relevance." (Pl.'s Opp. 10 n.3.) The Court declines to consider the documents attached to FuelCell's motion as unnecessary because the allegations in the Complaint fail to state plausible claims.

N.E.2d 667, 763 N.Y.S.2d 525 (2003)).  Reading the SPAs as a whole, Section 3.8(b) imposes a condition precedent to FuelCell's removal of the restrictive legends.  POSCO therefore cannot claim based on Section 4.8 that FuelCell failed to use its best efforts to remove the restrictive legends if POSCO never satisfied the condition precedent in Section 3.8 to trigger FuelCell's duty to remove the legends.  *See 120 Greenwich Dev. Assocs., LLC v. Reliance Ins. Co.*, No. 01 Civ.8219(PKL), 2004 WL 1277998, at *12 (S.D.N.Y. June 8, 2004) (holding that conditions precedents applied "not just to the completion options in Paragraph 4, but also to [defendant's] obligations for delay costs and other damages under Paragraph 6" (collecting cases)).

POSCO also argues that it need not plead satisfaction of conditions precedent because its claims are governed by New York law, which does not impose such a pleading requirement.  (Pl.'s Opp. 16–17.)  *See* N.Y. C.P.L.R. § 3015(a).  "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."  *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).  Although the substantive merits of POSCO's breach of contract claim are governed by New York law, pleading requirements are governed by federal law.  *See Mendez v. Bank of America Home Loans Servicing, LP*, 840 F. Supp. 2d 639, 647 (E.D.N.Y. 2012) (citing 2 Moore's Federal Practice § 9.03[1][e] (3d ed. 2003)); *see also Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015).  Therefore, "like the rest of the Federal Rules of Civil Procedure, [Rule 9(c)] *automatically* applies."  *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010) (citing *Califano v. Yamasaki*, 442 U.S. 682, 699–700 (1979)).

Having failed to plead that it satisfied the condition precedent in the SPAs, POSCO has not plausibly alleged that FuelCell was contractually obligated to remove the restrictive legends and that FuelCell breached its obligation by not using its best efforts to do so.  Accordingly, Count I is dismissed.

**B.  Count II: Violation of 6 Del. C. § 8-401**

POSCO alleges that FuelCell's "unreasonable delay" in removing the restrictive legends

violated 6 Del. C. § 8-401.  (Compl. ¶¶ 65–74.)[5]  Section 8-401(a) prescribes a stock issuer's

obligation "to register transfer" of a security upon request of a stockholder.  6 Del. C. § 8-401(a).

Section 8-401(b) provides damages for losses to the stockholder resulting from "unreasonable

delay" in registration.  *Id.* § 8-401(b).  Although Section 8-401 refers to a request to register a

transfer, Delaware courts have construed the statute to apply to removal of a restrictive legend

because a removal is deemed a registered transfer.  *See Bender v. Memory Metals, Inc.*, 514 A.2d

1109, 1115 (Del. Ch. 1986); *see also Guilfoyle v. Olde Monmouth Stock Transfer Co., Inc.*, 130

Nev. 801, 808, 335 P.3d 190 (2014) (same interpretation under Nevada U.C.C.); *accord Kenler v.

Canal Nat'l Bank*, 489 F.2d 482, 485–86 (1st Cir. 1973).

Section 8-401(a) sets forth several "statutory conditions" that must be satisfied to trigger a

stock issuer's duty to register a transfer of shares or to remove a restrictive legend.  *Nash v. Coram

Healthcare Corp.*, No. 96 Civ. 0298 (LMM), 1996 WL 363166, at *2 (S.D.N.Y. June 28, 1996)

(collecting cases); *see also* U.C.C. § 8-401 cmt. 1 (noting that an issuer's duty "exists only if

certain preconditions exist").  "Perhaps the most obvious requirement that must be satisfied before

the issuer's duty to register a transfer arises, is that the certificate be presented."  *Jing Jing v.

Weyland Tech, Inc.*, No. 17–446, 2017 WL 2618753, at *3 (D. Del. June 15, 2017) (quoting 7

William D. Hawkland et al., Uniform Commercial Code Series § 8-401:02 (2013)).  To state a

claim under Section 8-401, the plaintiff must plausibly allege that the shares were presented to the

---

[5] POSCO alleges that Delaware law governs Counts II and III. (Compl. ¶ 31.) The SPAs contain New York choice-of-law provisions. (*Id.* ¶ 18.) Under New York law, "the rights and duties of the issuer with respect to the registration of a transfer is governed by the local law of the issuer's jurisdiction." *Mackinder v. Schawk, Inc.*, No. 00 Civ. 6098(DAB), 2005 WL 1832385, at *15 (S.D.N.Y. Aug. 2, 2005) (citing N.Y. U.C.C. § 8-110). FuelCell, the issuer, is incorporated in Delaware and therefore subject to Delaware law. *Id.*; *see also Shaw v. Empire Stock Transfer Inc.*, 381 F. Supp. 3d 286, 290 n.1 (S.D.N.Y. 2019). FuelCell does not contend otherwise. (Def.'s Br. 16–22.) *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 61 (2d Cir. 2004).

issuer and that the seven additional conditions outlined in the statute are met.[6]  *See* 6 Del. C. § 8-401(a); U.C.C. § 8-401 cmt. 1 ("If any of the preconditions do not exist, there is no duty to register transfer.").

One of the additional conditions is that the transfer "not violate any restriction on transfer imposed by the issuer in accordance with Section 8-204." 6 Del. C. § 8-401(a)(5).  Section 8-204 permits an issuer of securities to impose a restriction on transfer if "the restriction is noted conspicuously on the security certificate." *Id.* § 8-204(1).  Pursuant to the SPAs, the stock certificates provide that before POSCO could sell, offer to sell, or transfer its shares, POSCO needed to provide a "legal opinion of counsel" that the proposed sale was exempt from "the registration requirements of the Securities Act and in accordance with applicable state securities laws."  (Compl. ¶ 20 (emphasis omitted); *see id.* ¶¶ 67–68 (recognizing that "provid[ing] a Rule 144 opinion letter" was a "statutory prerequisite[] for removal of the restrictive legend").)

Another condition is that "the transfer is in fact rightful or is to a protected purchaser." 6 Del. C. § 8-401(a)(7).  "A transfer is not 'rightful' if it would violate the 1933 [Securities] Act." *Bender*, 514 A.2d at 1116 (citing *Charter Oak Bank & Tr. Co. v. Registrar & Transfer Co., Inc.*,

---

[6] Those seven additional conditions are:

> (1) under the terms of the security the person seeking registration of transfer is eligible to have the security registered in its name;
> (2) the endorsement or instruction is made by the appropriate person or by an agent who has actual authority to act on behalf of the appropriate person;
> (3) reasonable assurance is given that the endorsement or instruction is genuine and authorized (Section 8-402);
> (4) any applicable law relating to the collection of taxes has been complied with;
> (5) the transfer does not violate any restriction on transfer imposed by the issuer in accordance with Section 8-204;
> (6) a demand that the issuer not register transfer has not become effective under Section 8-403, or the issuer has complied with Section 8-403(b) but no legal process or indemnity bond is obtained as provided in Section 8-403(d); and
> (7) the transfer is in fact rightful or is to a protected purchaser.

6 Del. C. § 8-401(a).

141 N.J. Super. 425, 358 A.2d 505 (1976)).  An issuer has no duty to register a transfer or remove a restrictive legend where the prospective transfer of securities would violate the 1933 Securities Act.  *Catizone v. Memry Corp.*, 897 F. Supp. 732, 736–37 (S.D.N.Y. 1995) (collecting cases).

POSCO has failed to state a claim under Section 8-401 because it does not allege that it presented the stock certificate to FuelCell when requesting that the restrictive legend be removed on June 4, 2018.  Indeed, POSCO fails entirely to allege when it presented the stock certificate to FuelCell.  POSCO's claim fails on this ground alone.  *See Jing Jing*, 2017 WL 2618753, at *4; *see also Schloss v. Danka Bus. Sys., PLC*, No. Civ. 0817(DC), 2000 WL 282791, at *7 (S.D.N.Y. Mar. 16, 2000) (holding that "plaintiffs did not allege that they presented the stock certificates in transferable form [and therefore] there was no duty on defendants to transfer shares with restrictive legends on them"); *Nash*, 1996 WL 363166, at *3 (dismissing complaint alleging breach of duty to register securities transfer where shares were not presented to the issuer).

POSCO's Section 8-401 claim fails on the additional ground that POSCO has not alleged satisfaction of the additional statutory conditions.  First, POSCO does not allege that it sent the Rule 144 opinion letter to FuelCell with its request for removal of the restrictive legend on June 4, 2018.  *See Kolber v. Body Cent. Corp.*, 967 F. Supp. 2d 1061, 1066 (D. Del. 2013) (holding that issuer's obligation under Section 8-401 were not triggered until Rule 144 opinion letter was provided to issuer's transfer agent).  In fact, the Complaint suggests that this condition was not satisfied until August 17, 2018.  (Compl. ¶ 51.)  Second, POSCO does not allege that its prospective sale of shares was "rightful."  Conversely, POSCO alleges that it was one of FuelCell's "largest outside stockholders" and that the 2012 SPA entitled POSCO to appoint an individual to FuelCell's board.  (*Id.* ¶¶ 1, 25.)  These allegations strongly suggest that POSCO qualified as an "affiliate" of FuelCell under Rule 144, *see* 17 C.F.R. § 230.144(a)(1) (defining affiliate of an issuer

as "a person that directly, or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with, such issuer"); *United States v. Shkreli*, No. 15-cr-637(KAM), 2018 WL 9539774, at *14 (E.D.N.Y. Feb. 26, 2018) (expert testimony defining affiliate under Rule 144), *aff'd*, 779 F. App'x 38 (2d Cir. 2019); and thus would have needed to satisfy several conditions to qualify for an exemption from registration under Rule 144, *see* 17 C.F.R. § 230.144(b)–(h); *SEC v. Cavanagh*, 155 F.3d 129, 134 (2d Cir. 1998). Accordingly, POSCO has not plausibly alleged that its prospective sale of its shares was rightful—at least not until it executed the waiver of its board-appointment rights on August 22, 2018. (*See* Compl. ¶¶ 51–52.)

POSCO argues that it was not required to present the stock certificates because doing so would have been futile given FuelCell's representation that it would not issue the de-legended certificates without confirmation that POSCO did not possess material nonpublic information. (Pl.'s Opp. 12–14.) POSCO relies on *White Winston Select Asset Funds, LLC v. Professional Diversity Network, Inc.*, 35 Mass. L. Rptr. 584, 2019 WL 2605707 (Mass. Super. May 31, 2019). There, the plaintiff stockholder requested unlegended stock certificates from the defendant issuer after registering the shares with the SEC. *Id.* at *1. The defendant wrongfully refused to issue new certificates until the plaintiff provided a legal opinion letter, which was not required because the shares were registered and no longer subject to the restriction in the legend. *Id.* at *1–3. In holding that the stockholder stated a Section 8-401 claim, the court excused the presentment requirement based on the issuer's erroneous insistence on an opinion letter and because the *Bender* decision of the Chancery Court did not reference the requirement of pleading presentment. *Id.* at *3.

POSCO's reliance on *White Winston* is unavailing. The claim in *White Winston*, a state court decision, was not subject to the federal pleading standard. The overwhelming weight of authority makes plain that presentment of the shares is a statutory prerequisite to a Section 8-401 claim. *Jing Jing*, 2017 WL 2618753, at *3; *Schloss*, 2000 WL 282791, at *7; *Nash*, 1996 WL 363166, at *3; *Guilfoyle*, 130 Nev. at 808–09; *Wanland v. C. E. Thompson Co.*, 64 Ill. App. 3d 46, 48, 380 N.E.2d 1012 (Ill. App. Ct. 1978); *see also Bender*, 514 A.2d at 1114 (emphasis added) ("[T]he issuer has a duty to register a transfer of shares *that are presented to the issuer* in registered form together with a request to register the transfer."). Therefore, to state a plausible claim for relief under Section 8-401, POSCO must allege that it satisfied the statutory condition by presenting the stock certificates. *See New Enters. Ltd. v. SenesTech Inc.*, No. CV-18-08033-PCT-JAT, 2018 WL 6313193, at *8 (D. Ariz. Dec. 3, 2018) (dismissing claim because "Plaintiff fail[ed] to plead an essential element" by not "alleging that . . . a certificate was presented in compliance with the requirements of 6 Delaware Code § 8-401"); *Jing Jing*, 2017 WL 2618753, at *4 ("Without alleging she presented her certificated security, [Plaintiff] cannot claim Defendants violated [Section] 8-401 . . . ."); *see also Olenicoff v. UBS AG*, No. SACV 08–1029 AG (RNBx), 2010 WL 8530286, at *33 (C.D. Cal. Mar. 16, 2010) (dismissing claim under identical California statute because "Plaintiffs d[id] not allege that they presented the SES Defendants with a certificated security in registered form").

The Court, moreover, declines to excuse the presentment condition as futile. The estoppel theory invoked in *White Winston* was based on the defendant's clearly wrongful insistence on the plaintiff producing a legal opinion letter, which was not required because the shares were registered and not subject to the restriction in the legend. 2019 WL 2605707, at *1–3. Here, conversely, the allegations in the Complaint suggest that FuelCell had a legitimate reason to request from POSCO

verification that POSCO did not possess material nonpublic information given that POSCO could have qualified as an affiliate of FuelCell.  (*See* Compl. ¶¶ 25, 42–43, 46, 48.)  Indeed, as explained above, such verification related directly to whether "the transfer [wa]s in fact rightful."  6 Del. C. § 8-401(a)(7).  POSCO cites no case where an issuer was subject to liability because of its diligence in removing restrictive legends.  And even if the Court found that FuelCell is estopped from relying on the presentment condition, POSCO has not pleaded satisfaction of the additional statutory conditions, as explained above.

Having failed to allege that it presented the certificates to FuelCell or satisfied the additional statutory conditions, POSCO necessarily fails to allege that FuelCell had a duty to remove the legends and delayed in doing so.  Accordingly, Count II fails to state a claim.

## C.  Count III: Violation of 8 Del. C. § 158

POSCO alleges that by delaying removal of the restrictive legend, FuelCell unlawfully denied it the certificate representing the number of shares registered, to which POSCO was entitled under 8 Del. C. § 158.  (Compl. ¶¶ 76–77.)  POSCO seeks monetary relief for this claim.  (*Id.* ¶¶ 79–80.)

Section 158 provides, in relevant part, that "[e]very holder of stock represented by certificates shall be entitled to have a certificate signed by, or in the name of, the corporation by any 2 authorized officers of the corporation representing the number of shares registered in certificate form."  8 Del. C. § 158.  "By necessary implication this includes the right to a proper certificate without a legend or restriction, where such a legend is no longer appropriate."  *Bender*, 514 A.2d at 1115.  Delaware courts have observed that "Section 158 of title 8 authorizes a person lawfully entitled to stock to compel the issuance of a certificate for all shares owned."  *Klita v. Cyclo3pss Corp.*, No. Civ.A. 15374., 1997 WL 33174421, at *2 (Del. Ch. Apr. 8, 1997) (citing 8

14

Del. C. § 158)).  Claims under Section 158 generally seek injunctive relief.  *See, e.g.*, *Graham v. Commercial Credit Co.*, 41 Del. Ch. 580, 582–83, 200 A.2d 828 (Del. 1964); *Caravias v. Interpath Commc'ns, Inc.*, No. 3301-VCN, 2008 WL 2268355, at *3 (Del. Ch. May 28, 2008).

FuelCell argues that POSCO cannot maintain a claim for damages under Section 158 because the statute "provides injunctive relief alone."  (Def.'s Br. 21.)  POSCO maintains that Section 158 permits monetary relief because the statute "does not state that the only remedy is in equity" or "preclude the possibility of damages."  (Pl.'s Opp. 15.)  In arguing that Section 158 permits recovery of damages, POSCO cites *White Winston* (Pl.'s Opp. 15); but *White Winston* is inapposite because the plaintiff there alleged a single claim under Section 8-401, which explicitly provides for damages, *see* 6 Del. C. § 8-401(b), and Section 158, *see* 2019 WL 2605707, at *1, *3.

Section 158 does not have a remedy provision.  The Supreme Court has explained that where a statute is silent as to available remedies, courts should "presume the availability of all appropriate remedies unless Congress has expressly indicated otherwise."  *Franklin v. Gwinnett Cnty. Pub. Schs.*, 503 U.S. 60, 66 (1992) (citing *Davis v. Passman*, 442 U.S. 228, 246–47 (1979)).  Thus, absent any intent to the contrary reflected in the statute, this presumption favors all available relief—*i.e.*, injunctive and monetary.  *Id.* at 73.

The Court assumes without deciding that Section 158 provides for monetary relief because POSCO nevertheless has failed to state a claim on the merits.  Section 158 entitles a stockholder to a certificate without a legend "where such a legend is no longer appropriate."  *Bender*, 514 A.2d at 1115.  POSCO has not alleged that FuelCell failed to remove a legend that was no longer appropriate—namely, that POSCO satisfied all the contractual and statutory preconditions for removal.  *See Leonard Loventhal Account v. Hilton Hotels Corp.*, No. Civ.A.17803, 2000 WL 1528909, at *8–9 (Del. Ch. Oct. 10, 2000) (dismissing claims under Sections 8-401 and 158 where

legend was authorized by statute, validly approved by company's board, and therefore "appropriate"); *supra* Discussion, Sections A–B.  Accordingly, regardless of the relief available under Section 158, POSCO has failed to state a plausible claim.  Count III therefore is dismissed.

## D.  Count IV: Tortious Interference with Prospective Business Advantage

POSCO alleges a claim for tortious interference with prospective business advantage. (Compl. ¶¶ 81–88.)  POSCO alleges that it intended to sell its shares "to third party purchasers in the trading market" and that FuelCell "interfered with this prospective contractual relationship between [POSCO] and third party purchasers." (*Id.* ¶¶ 82, 84.)

Under New York law, a claim for tortious interference with a prospective business advantage requires a showing that "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship." *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 261 (2d Cir. 2015) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 132 (2d Cir. 2008)).  "Conduct constituting tortious interference with business relations is, by definition, conduct directed not at the plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship." *Symquest Grp., Inc. v. Canon U.S.A., Inc.*, 186 F. Supp. 3d 257, 268 (E.D.N.Y. 2016) (alteration omitted) (quoting *Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 192, 785 N.Y.S.2d 359, 818 N.E.2d 1100 (2004)).  Accordingly, "the plaintiff must allege that it was 'actually and wrongfully prevented from entering into or continuing in a *specific* business relationship.'" *Evliyaoglu Tekstil A.S. v. Turko Textile LLC*, No. 19-cv-10769 (LJL), 2020 WL 7774377, at *2 (S.D.N.Y. Dec. 30, 2020) (quoting *Von Rohr Equip. Corp. v. Tanner Bolt & Nut Corp.*, No. 17-CV-2913 (NGG) (RER), 2017 WL 5184676, at *7 (E.D.N.Y. Nov. 7, 2017)).  Failure to identify a specific business relationship with a third party is

"fatal" to a tortious interference claim. *DiFolco*, 622 F.3d at 115; *Katz v. Travelers*, 241 F. Supp. 3d 397, 408 (E.D.N.Y. 2017) (collecting cases).

The Complaint fails to state a plausible claim for tortious interference with prospective business advantage because it does not identify any *specific* third party with which POSCO had a business relationship. *See, e.g.*, *Shah v. Lumiere*, No. 13 Civ. 2975(LGS), 2013 WL 6283585, at *2 (S.D.N.Y. Dec. 3, 2013) (citing *DiFolco*, 622 F.3d at 114–15)); *Bayer Schera Pharma AG v. Sandoz, Inc.*, No. 08 CIV.03710(PGG), 2010 WL 1222012, at *8 (S.D.N.Y. Mar. 29, 2010); *Ho Myung Moolsan Co., Ltd. v. Manitou Mineral Water, Inc.*, 665 F. Supp. 2d 239, 255 (S.D.N.Y. 2009). POSCO's "prospective contractual relationship[s]" with "third party purchasers in the trading market" are too vague and conclusory to state a tortious interference claim. *See Lesesne v. Brimecome*, 918 F. Supp. 2d 221, 227–28 (S.D.N.Y. 2013) (noting that the "weight of authority . . . requires a plaintiff to identify the potential customers at issue" (collecting cases)).

POSCO argues, without citation, that requiring identification of a specific business relationship or third-party purchaser "ignores the realities of securities trading on listed exchanges, which, definitionally, involves anonymous third-party purchasers." (Pl.'s Opp. 19.) There is no general exemption to the identification requirement for securities trading. Courts have required identification of a specific third-party purchaser in the securities-trading context as in any other context. *See O'Gara v. Hunter* (*In re Hunter*), 610 B.R. 479, 505 (Bankr. M.D.N.C. 2019) (holding that, under California law, "Plaintiffs' allegations of general interference with 'some' stockholders and 'prospective investors' are insufficient and 'fail to allege an existing, concrete relationship with a specific and identifiable [third party] with' whom [Defendant] interfered" (quoting *Reudy v. Clear Channel Outdoors, Inc.*, 693 F. Supp. 2d 1091, 1123 (N.D. Cal. 2010))).

POSCO's tortious interference claim is subject to dismissal on the additional ground that it is duplicative of its other claims.  "In New York, duplicative claims arise from the same facts and allege the same damages."  *Myers Indus., Inc. v. Schoeller Arca Sys., Inc.*, 171 F. Supp. 3d 107, 122–23 (S.D.N.Y. 2016) (citing *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008)).  A plaintiff may maintain both tort claims and contractual or statutory claims only where "an independent tort duty is present."  *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 58 (2d Cir. 2012).  Where "the basis of a party's claim is a breach of solely contractual obligations, such that the plaintiff is merely seeking to obtain the benefit of the contractual bargain through an action in tort, the claim is precluded as duplicative."  *Id.* (citing *N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 316, 639 N.Y.S.2d 283, 662 N.E.2d 763 (1995)).  Tort claims are duplicative of statutory claims where the claims "will rise and fall" together.  *In re Novartis & Par Antitrust Litig.*, No. 18 Civ. 4361 (AKH), 2019 WL 3841711, at *7 (S.D.N.Y. Aug. 15, 2019).

Here, the tortious interference claim arises from the same facts and seeks the identical damages for the alleged breach of the SPAs and violations of Delaware statutory law.  As such, it must be dismissed as duplicative.  *See Deutsche Bank Nat'l Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861, 869 (2d Cir. 2015); *Apotex Corp. v. Hospira Healthcare India Private Ltd.*, No. 18-CV-4903 (JMF), 2019 WL 3066328, at *7 (S.D.N.Y. July 12, 2019) (dismissing tortious interference claims where plaintiff's "allegations of wrongful or tortious conduct all implicate matters covered by the Agreement"); *Shaw v. Empire Stock Transfer Inc.*, 381 F. Supp. 3d 286, 292 (S.D.N.Y 2019) (dismissing aiding and abetting claim as duplicative of a statutory claim); *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 362 (E.D.N.Y. 2015) (dismissing unjust enrichment claim as duplicative of statutory labor claims).  POSCO's argument that it is pleading in the alternative

(Pl.'s Opp. 18) is unavailing because the Complaint fails to allege that FuelCell breached any tort duty independent from the SPAs and Delaware statutes. *Bayerische Landesbank*, 692 F.3d at 58; *see Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 389, 516 N.E.2d 190 (1987) (noting that, to be independent, the tort duty "must spring from circumstances extraneous to, and not constituting elements of, the contract" (citing *Rich v. New York Cent. & Hudson Riv. R.R. Co.*, 87 N.Y. 382, 390 (1882))).  Accordingly, Count IV is dismissed.

### E.  Leave To Amend

In its opposition, POSCO seeks leave to amend to remedy any pleading defects.  (Opp. 20.) "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (citing *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)).  Nevertheless, "a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." *Perri v. Bloomberg*, No. 11–CV–2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012) (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).  In other words, leave to amend may be denied when amendment would be futile. *Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019) (citing *Tocker v. Philip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006)).

The Court grants POSCO leave to amend because it cannot be said that amendment would be futile.  The allegations in the Complaint are deficient in that POSCO fails to plead certain facts—satisfaction of conditions precedent and statutory prerequisites, a specific third-party relationship with which FuelCell interfered, and an independent tort duty.  Such deficiencies may be remedied though amendment.  Accordingly, leave to amend is proper.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS Defendant FuelCell Energy, Inc.'s motion to dismiss and DISMISSES the Complaint with leave to amend.  Plaintiff POSCO Energy Co. shall file an amended complaint on or before October 15, 2021.  Defendant FuelCell Energy, Inc.'s request for oral argument filed December 2, 2020 [ECF No. 28] is DENIED.

The Clerk of Court is respectfully requested to terminate docket entry 24.


**SO ORDERED.**

**Date:  September 16, 2021**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

20